CARROLL, Judg'e
(concurring specially).
I concur in the judgment of affirmance, although in my opinion the failure of the trial judge to charge the jury on the theory of defense was error.
The lease of the restaurant or coffee shop expressly permitted the lessor to re-enter for default. The lessor admitted re-entry, which, unless shown to be for sufficient reason, would constitute a breach of the lease. But it was the position of the defendant, pleaded and ploddingly advanced at trial, that the re-entry was lawfully made pursuant to authority in the lease. Therefore, I would dissent were it not for the showing in the record that the principal defaults relied on by defendant for re-entering and terminating the lease occurred in the course of operation by the plaintiff’s assignor, and that the defendant knowingly allowed the plaintiff to procure an assignment of the lease and commence business without informing plaintiff of the prior defaults or of intention to take action thereon.
Since the defendant, if not estopped as a result of its own conduct, could not in good conscience use the provision of the lease for re-entry to terminate the newly ac *855 quired lease interest of the plaintiff, the .error of the trial court in refusing to ¡charge the jury on the law relating to the •.issues raised by the defense was harmless •error.